HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JUAN L LUCERO,

          Plaintiff,

   v.

CAROLYN COLVIN,

          Defendant.

CASE NO. C14-5543 RBL

ORDER REMANDING FOR FURTHER PROCEEDINGS

Juan Lucero claims that he became disabled with severe degenerative disc disease, post-rectal cancer with small bowel obstructions, depression and alcohol dependence, on October 31, 2008. He was 50 years old at that time.

The ALJ determined that Lucero was not disabled. The ALJ's determination is the Commissioner's determination for purposes of this action. The ALJ determined that Lucero retained the Residual Function Capacity to perform "light" work, based on a Vocational Expert's testimony that Lucero could walk or stand for up to 4 hours per day, with no stooping. The VE testified that, even limited to 2 hours standing or walking a day, there were jobs available in the national economy that Lucero could perform.

Lucero argues that his exertional limitation falls between the Appendix 2 Guidelines' "light" characterization (6 hours walking or standing per day) and "sedentary" characterization (2 hours), and that this, coupled with his inability to stoop, should have necessarily led to a "sedentary" RFC.  He cites 20 CFR §§ 404.1567, 416.967, which describe the contours of light duty work—which he claims is the only RFC that the evidence supports. Lucero seeks reversal of the Commissioner's determination and an award of benefits.

The Commissioner argues that when the guidelines do not adequately take into account a claimant's abilities and limitations (as is often the case), they are to be used only as a framework, and the true extent of the claimants' residual abilities must be determined by consulting a Vocational Expert.  *See Moore v. Apfel*, 216 F.3d 864, 869-71 (9th Cir. 2000) (when a claimant's exertional limitation falls between two grid rules, the ALJ fulfills his obligation to determine the claimant's occupational base by consulting a VE regarding whether a person with claimant's profile could perform substantial gainful work in the economy); *see also* SSR 83-12.  She concedes that Lucero's abilities fall in a "gap" in the guidelines, but argues that the VE properly determined that Lucero was able to do "light" work—including standing or walking up to two hours out of eight—and that there were jobs in the national economy that were available that Lucero could perform.  It argues that this court is bound by that determination because it is supported by substantial evidence, even if that evidence could also support a different conclusion.  She argues that even if the RFC is not so supported, the case should be remanded for further proceedings, not remanded for an award of benefits.

This Court must uphold the Commissioner's determination that a claimant is not disabled, if the Commissioner applied "proper legal standards," and her determination is supported by "substantial evidence in the record as a whole." *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986); *see also Batson v. Commissioner of Social Security Admin.*, 359 F.3d

1190, 1193 (9th Cir. 2004); *Carr v. Sullivan*, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.") (*citing Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987)).

Evidence is "substantial" if a reasonable mind might accept it as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see also Batson*, 359 F.3d at 1193 ("The Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). The substantial evidence test requires that the reviewing court determine whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). Furthermore, if the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (internal citation omitted).

In short, this Court reviews the Commissioner's factual determinations for substantial evidence; it cannot make factual findings itself—even if the evidence could support a different conclusion. *See Sorenson*, 514 F.2d at 1119 n. 10.   The issue is whether the Commissioner's "light work" determination is supported by substantial evidence in the record.

Lucero argues that the VE actually described jobs that were sedentary, not light.  He claims that the jobs the VE described at step five were "sedentary"—agricultural sorter and production assembler, each with a limit of 2 hours walking or standing, which the VE specifically described as ones "allowed to be performed at sedentary." [Tr. 117-118, 124].  He

claims that "light work" does not describe the jobs the VE described, and that he cannot perform the definition of light work:

> *Light work.* Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. *Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing*, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.

20 CFR §§ 404.1567, 416.967 (emphasis added).

Thus, he claims, sedentary is the only RFC supported by the evidence and the sedentary grid should have been applied, rather than the light. *See Distasio v. Shalala*, 47 F.3d 348, 350 (9th Cir. 1995). He also emphasizes that his inability to stoop, alone, renders the correct RFC "sedentary". *Citing* SSR 96-9p: "a complete inability to stoop would significantly erode the unskilled sedentary occupational base and a finding that the individual is disabled would usually apply." He emphasizes that because he was 50 years old at the date of onset, a sedentary work RFC means that he is disabled. *See* Rule 201.10.

The Commissioner claims that while a complete prohibition on stooping "*usually*" supports a finding of disability in this context, the extent of the limitation on a given claimant is a matter for the VE. She claims that although the VE here used the word "sedentary," in context he was discussing seated hand packager jobs, not agricultural sorter or product assembly jobs. *See* Tr. 116-118. She emphasizes that the VE's and the Commissioner's determination is supported by some evidence.

The Commissioner also claims that the case should be remanded for further proceedings (and not for an award of benefits) if the court determines that the ALJ's findings were not supported by substantial evidence. In doing so she does concede that the ALJ made "no findings" about whether, at step five, Lucero "had the skills from his past work that are

transferable and whether his education provides for direct entry into skilled work." [*See Tr.* 58, findings 9 &10*; see* 20 C.F.R. pt. 404, subpt. P, §201.00 and 20 C.F.R. pt. 404, subpt. P, tbl. 1, Rules 201.09 - 201.16.]

Even viewed against the deferential standard, the Commissioner's determination is not supported by substantial evidence. It is not clear that the VE was describing light duty work; it appears instead that he was discussing sedentary work, both because he used that word and because he was discussing a 2 hour limit on standing or walking. And even if he was discussing light work, the limitations that the Commissioner concedes Lucero has—including the prohibition on stooping—do not fit under either the guidelines' description of light duty work, or the VE's description of available light duty jobs. The VE, and the ALJ, did not sufficiently address, much less discount, the detrimental impact of Lucero's stooping prohibition. On this record, that prohibition cannot be squared with a "light duty" RFC.

Accordingly, the matter is remanded for a *de novo* hearing, with new evidence (including VE evidence) and additional clarification of the light/sedentary distinction in the context of Lucero's limitations, including the limitation on stooping and the duration of any standing or walking, and of the availability of jobs in the national economy in light of these limitations.

This matter is REMANDED to the ALJ for further proceedings consistent with this Order.

IT IS SO ORDERED.

Dated this 29th day of June, 2015.

Ronald B. Leighton
United States District Judge